IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Kapersky Lab, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Greater Boston Authentication Solutions, LLC<br><br>Defendant. | **Complaint for Declaratory Judgment**<br>Civil Action No. 19-CV-10735 |

Plaintiff Kaspersky Lab, Inc. ("Kaspersky Lab") sues Defendant, Greater Boston Authentication Solutions, LLC ("GBAS") and alleges:

1. Kaspersky Lab is a Massachusetts corporation with its principal place of business at 500 Unicorn Park, 3rd Floor, Woburn, MA 01801.

2. GBAS is a Massachusetts corporation having a principal place of business at 195 Bridle Path, North Andover, MA 01845.

### GBAS Files a Complaint for Patent Infringement Against Kaspersky Lab

3. GBAS owns a number of patents in the field of authorizing the unlocking of electronic data using cryptographic authentication.

4. GBAS has accused Kaspersky Lab of patent infringement in a complaint filed in this District on October 1, 2018, Case 1:18-cv-12045-WGY (the "Original Complaint"). A copy of the Original Complaint is attached as Exhibit A.

5. GBAS contacted Kaspersky Lab and attempted to coerce Kaspersky Lab to pay a license for GBAS's patents. A copy of GBAS's letter is attached as Exhibit B.

6. GBAS did not serve the Original Complaint.

1

7. GBAS dismissed the Original Complaint without prejudice on the 90-day service deadline, December 31, 2018.

### GBAS's Allegations of Infringement Remain Unresolved

8. Because the Original Complaint was dismissed without prejudice, GBAS has the right to re-file the Original Complaint and sue Kaspersky Lab once again.

9. A controversy exists between GBAS and Kaspersky Lab over the unresolved infringement allegations made in the Original Complaint.

10. To resolve this controversy, Kaspersky Lab brings this declaratory judgment action for non-infringement under 28 U.S.C. § 2201 and the patent laws of the United States, including 35 U.S.C. § 271.

11. This Court therefore has subject-matter jurisdiction over this declaratory-judgment action in accordance with 28 U.S.C. §§ 1331 and 1338(a).

12. GBAS is a Massachusetts LLC and its principal place is in this judicial district.

13. Venue is proper in this judicial district in accordance with 28 U.S.C. §§ 1391(c) and 1400(b).

### The GBAS Patents at Issue

14. GBAS is the owner, by assignment, of U.S. Patent No. 7,346,583 ("the '583 Patent"), entitled REMOTE AUTHORIZATION FOR UNLOCKING ELECTRONIC DATA SYSTEM AND METHOD that issued on March 18, 2008.

15. GBAS is the owner, by assignment, of U.S. Patent No. 6,567,793 ("the '793 Patent"), entitled REMOTE AUTHORIZATION FOR UNLOCKING ELECTRONIC DATA SYSTEM AND METHOD that issued on May 20, 2003.

16. GBAS is the owner, by assignment, of U.S. Patent No. 5,982,892 ("the '892

Patent"), entitled SYSTEM AND METHOD FOR REMOTE AUTHORIZATION FOR UNLOCKING ELECTRONIC DATA that issued on November 9, 1999.

17. The '583 and '793 Patents claim priority to the '892 Patent.

18. The applicant filed terminal disclaimers during prosecution of the '583 and '793 Patents to make their term the same as the '892 Patent.

19. The '892 Patent was allowed only after an amendment supported by an argument of over 30 pages. A copy of the amendment is attached as Exhibit C.

20. In that amendment and argument, the applicant substantially narrowed the scope of the claims.

21. In that amendment and argument, the applicant equated the claimed "user key" with the "digital signature itself."

22. On information and belief, GBAS acquired the '892, '583, and '793 Patents in 2017.

23. The '892, '583, and '783 Patents expired on December 22, 2017.

24. On information and belief, GBAS reviewed the file history of the '892 Patent around the time it acquired the '892 Patent.

25. On information and belief, GBAS knew about the amendment and argument narrowing the scope of the claims.

26. On information and belief, GBAS knew that the amendment and argument applied to all claims of the '892 Patent.

27. On information and belief, GBAS knew that the amendment and argument also affected the scope of the related '583 and '793 Patents.

## GBAS's Patent-Monetization Campaign

28. Armed with the '892, '583, and '793 Patents, GBAS filed a total of 12 complaints from April 3, 2017, to October 1, 2018.

29. On information and belief, GBAS's plan was to demand substantially less than the cost of defense to coerce the targeted defendants into paying GBAS regardless of the merits of GBAS's complaints.

## GBAS Starts by Suing Microsoft

30. To accomplish GBAS's plan, it was essential to first sue Microsoft and collect a cost-of-defense license that could be used to intimidate other targets.

31. GBAS sued Microsoft for patent infringement in this District on April 3, 2017.

32. GBAS voluntarily dismissed the Microsoft complaint with prejudice on May 23, 2017, before Microsoft filed any responsive pleading.

33. On information and belief, GBAS was paid by Microsoft after the complaint was filed.

## GBAS sues Wolfram Research

34. GBAS's next complaint was filed against Wolfram Research in this District on June 15, 2017.

35. GBAS voluntarily dismissed the complaint on September 13, 2017, 90 days later, before Wolfram Research field any responsive pleading.

## GBAS sues Actian in the Western District of Texas

36. GBAS's third complaint was filed against Actian in the Western District of Texas on July 24, 2017.

37. GBAS voluntarily dismissed the complaint 93 days later on October 25, 2017.

38. GBAS immediately filed another complaint against Actian on October 25, 2017.

39. GBAS voluntarily dismissed the second complaint against Actian 89 days later on January 22, 2018.

40. GBAS voluntarily dismissed both complaints against Actian before Actian filed any responsive pleading.

### GBAS sues Quark Software in the District of Colorado

41. GBAS filed a complaint against Quark Software in District of Colorado on August 8, 2017.

42. The court on October 20, 2017, ordered GBAS to serve the complaint by October 30, 2017.

43. The court on October 20, 2017, further ordered GBAS and Quark Software to appear for a Rule 16 conference on November 16, 2017.

44. In response, GBAS filed a "motion to stay pending finalization of settlement" in an attempt to avoid the Rule 16 conference.

45. The court denied GBAS's motion and particularly rejected GBAS's attempt to delay the Rule 16 conference scheduled for November 16, 2017.

46. In response to the court's order, GBAS voluntarily dismissed the complaint on November 15, 2017.

### GBAS Sues Four Defendants in This District on February 2, 2018

47. GBAS filed a complaint against Siemens Software in this District on February 2, 2018.

48. GBAS served the complaint 90 days later on May 3, 2018.

49. GBAS voluntarily dismissed the complaint on June 1, 2018, before Siemens filed a responsive pleading.

50. GBAS filed a complaint against Juniper Networks in this District on February 2, 2018.

51. GBAS served the complaint 90 days later on May 3, 2018.

52. GBAS voluntarily dismissed the complaint on June 21, 2018, before Juniper Networks filed a responsive pleading.

53. GBAS filed a complaint against Autodesk on February 2, 2018.

54. GBAS served the complaint 90 days later on May 3, 2018.

55. GBAS voluntarily dismissed the complaint on June 4, 2018, before Autodesk filed a responsive pleading.

56. GBAS filed a complaint against National Instruments Corporation on February 2, 2018.

57. GBAS voluntarily dismissed the complaint 90 days later on May 3, 2018.

### GBAS Sues Two More Defendants in This District on March 19, 2018

58. GBAS filed a complaint against Keysight Technologies in this District of March 19, 2018.

59. GBAS voluntarily dismissed the complaint 73 days later on June 1, 2018, before Keysight Technologies filed a responsive pleading.

60. GBAS field a complaint against Schneider Electric in this District on March 19, 2018.

61. GBAS voluntarily dismissed the complaint 73 days later on June 1, 2018, before Schneider Electric filed any responsive pleading.

### GBAS Sues Kaspersky Lab in This District on October 1, 2018

62. GBAS filed the Original Complaint against Kaspersky Lab on October 1, 2018.

63. GBAS sent Kaspersky Lab the letter attached as Exhibit B on October 8, 2018.

64. GBAS's letter included a copy of the complaint accusing Kaspersky Lab of patent infringement and advised Kaspersky Lab that Microsoft had "taken a license" under the GBAS patents.

65. GBAS's letter also noted that "GBAS will have ninety (90) days from the date of filing to serve."

66. On information and belief, GBAS had studied the file history of the '892 patent by October 8, 2018, including the amendment attached as Exhibit C.

67. On information and belief, GBAS had studied Kaspersky Lab's software activation in detail by October 8, 2018.

68. On information and belief, on October 8, 2018, GBAS knew that Kaspersky Lab did not infringe any claim of the GBAS patents.

69. GBAS waited until the 90-day deadline to serve the complaint and then voluntarily dismissed the complaint on December 31, 2018.

70. GBAS gave no notice of its dismissal of the Original Complaint to Kaspersky Lab.

71. Kaspersky Lab first learned of the dismissal on January 3, 2018, during a routine docket check.

## Count ONE
## For Declaratory Judgment

### Kaspersky Lab's products do not infringe GBAS's patents

72. Plaintiff incorporates by reference paragraphs 1 through 71 as if repeated and restated herein.

73. All three GBAS patents cover a system and method of authentication that requires verification of a relationship between a user key and original user information.

74. The claimed "user key" means "the digital signature itself" in accordance with the applicant's arguments in Exhibit C.

75. GBAS studied Kaspersky Lab's software and knew that the accused functionality does not verify the relationship between the user key and user information recited in the claims of the GBAS patents.

76. GBAS knew that Kaspersky Lab software instead uses a root certificate on a customer's computer to verify a digital signature received from Kaspersky Lab.

77. Verification of Kaspersky Lab's digital signature does not verify a relationship between the digital signature and user identifying information.

78. GBAS alleged infringement by Kaspersky Lab knowing that Kaspersky Lab does not infringe the GBAS patents.

**Request for Declaratory Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff and:

A. Declare under 28 U.S.C. § 2201 that Kaspersky Lab does not infringe any claim of U.S. Patents 7,346,583, 6,567,793, or 5,982,892; and Order Defendant is liable to Plaintiff

B. For attorney's fees as the prevailing party and find the case "exceptional" under 35 U.S.C. § 285 and

C. grant such other and further relief as Kaspersky Lab may be entitled to under 28 U.S.C. § 2202 or other applicable law.

Respectfully submitted,
Kaspersky Lab,
By its attorneys,

/s/ Steven N. Fuller, Esquire
Steven N. Fuller, Esq. (MA BBO No. 550224)
David J. Freniere, Esq. (MA BBO No. 552273)
MARKUN ZUSMAN FRENIERE COMPTON LLP
40 Grove Street, Suite 275
Wellesley, MA 02482
Telephone: (781) 489-5464
Facsimile: (781) 772-1483
sfuller@mzclaw.com

Dated:  April 16, 2019

## Certificate of Service

I, Steven N. Fuller, Esq., hereby certify that the forgoing document was filed on April 16, 2019 through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/  Steven N. Fuller, Esq.